UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CR00021 ERW |
| | ) | |
| TONY LEE BESS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for determination of whether prior burglary convictions of Defendant Tony Lee Bess ("Defendant") qualify as predicate offenses under the Armed Career Criminal Act.

**I.  BACKGROUND**

On January 21, 2015, Defendant was indicted for the federal offense of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 20, 2015, Defendant pled guilty to being a felon in possession of a firearm and agreed to the following facts regarding his conviction. On July 23, 2014, Detectives with the St. Louis Metropolitan Police Department were on patrol in the Dutchtown neighborhood in St. Louis, Missouri. Detectives observed an inoperable rear brake light and an expired rear license plate on a grey Saturn vehicle. Detectives activated their emergency lights and pulled the vehicle over. There were four males in the vehicle; Defendant was the driver. Detectives observed Defendant make movements underneath his seat and asked him to exit the vehicle. After a search of the floorboard area underneath the driver's seat, Detectives found one black Produkt Karlovac make, XD-40 Sub-Compact model, .40 caliber, S&W, semi-automatic pistol loaded with five live rounds. A computer check of

Defendant revealed he had prior felony convictions. Detectives advised Defendant of his *Miranda* rights and he admitted to possessing the pistol for protection.

Using the 2015 Guidelines Manual, the Court calculated Defendant's base offense level under § 2K2.1 at 14. He received a 19 point increase as an Armed Career Criminal because he had at least three prior convictions for Second Degree Burglary. He was given a three point reduction for acceptance of responsibility. His total offense level was 30. Defendant's subtotal criminal history score was 10. Because he committed the offense while under a sentence for Burglary Second Degree and Stealing in state court, two points were added for a total criminal score of 12. This put him in the criminal history category of V. The guideline range based on a total offense level of 30 and a criminal history category of V was 151 to 188 months. The statutory minimum of imprisonment was 15 years, and the maximum term was life, with a term of supervised release not to exceed five years.

On November 19, 2015, Defendant was sentenced, by this Court, to imprisonment for 180 months, to run concurrently with the sentence Defendant was serving in state court. The Court also sentenced Defendant to three years on supervised release and a $100 special assessment. Defendant appealed his conviction. While he was awaiting a decision on his appeal, the United States Supreme Court decided *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Eighth Circuit remanded Defendant's case back to this Court to determine whether his prior convictions for Second Degree Burglary qualify as violent felonies under the Armed Career Criminal Act ("ACCA"). *United States v. Bess*, No. 15-3806, 2016 WL 3923888 (8th Cir. Jul. 21, 2016). This Court finds the convictions do not qualify, and Defendant will be resentenced without the Armed Career Criminal enhancement.

## II. ANALYSIS

Defendant and the United States agree five of Defendant's ten prior burglary convictions do not qualify under the ACCA as violent felonies. Justice Kagan, in *Mathis*, stated, "[t]o determine whether a past conviction qualifies [under the ACCA], courts compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense –i.e. the offense most commonly understood." 136 S. Ct. at 2248. Citing *Taylor v. United States*, 494 U.S. 575 (1990), Justice Kagan recognizes Congress referred only to their usual generic versions and not all variants of the offenses in the ACCA. *Mathis*, 136 S.Ct. at 2248. Pertaining to burglary, she wrote, "Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure with intent to commit a crime.'" *Id*. She notes, "'[e]lements' are the 'constituent parts' of a crime's legal definition – the things the prosecution must prove to sustain a conviction . . . they are what the jury must find beyond a reasonable doubt to convict a defendant." *Id.* (internal citations omitted). She continues, "[a] crime counts as 'burglary' under the Act if its *elements* are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary' – even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." *Id*.

The decision to be decided in *Mathis*, as proposed by Justice Kagan early in her opinion, is the same as the Eighth Circuit Court of Appeals instructed this Court do decide. Justice Kagan stated "[t]he issue before us is whether the ACCA treats this kind of statute as it does all others, imposing a sentence enhancement only if the state crime's elements correspond to those of a generic offense – or instead whether the act makes an exception for such a law, so that sentence can be enhanced when one of the statute's specified means creates a match with the generic offense, even though the broader element would not." *Id*. at 2251.

Until the Supreme Court decided *Mathis v. United States*, there was a split between Circuit Courts in determining when a statute is divisible under the ACCA. [1] Some circuits, including the Eighth Circuit, held a statute is divisible when it sets out alternative ways to commit the crime and it does not matter whether they are alternative means or elements. *Bess*, 2016 WL 3923888 at *1; *see also United States v. Mathis*, 786 F.3d 1068, 1074 (8th Cir. 2015). Other circuits determined a statue is divisible only if the alternatives listed in the statute are elements. *Bess*, 2016 WL 3923888 at *1; s*ee also Rendon v. Holder*, 764 F.3d 1077, 1084-85 (9th Cir. 2014); *Omargharib v. Holder*, 775 F.3d 192, 198-99 (4th Cir. 2014). In *Mathis*, the Supreme Court held a statute is only divisible when it lists alternative elements defining multiple separate crimes. 136 S. Ct. at 2253. Thus, a court may only apply the modified categorical approach to determine if a defendant's prior conviction qualifies as a violent felony when the statute underlying the conviction lists alternative elements, not alternative means. *Id*.

In their opinion on Defendant's appeal, the Eighth Circuit stated Missouri's second degree burglary statute covers a broader range of conduct than generic burglary; thus, it does not qualify categorically as a violent felony. *Bess*, 2016 WL 3923888 at *1. However, the burglary convictions may qualify as predicate offenses under the modified categorical approach if the alternative phrases in Missouri's burglary statute are elements not means. *Id.* at *2. If the alternatives constitute means, the statute is not divisible, the modified categorical approach is not available, and Defendant's ten prior convictions do not qualify as predicate offenses under the ACCA. *Id*.

---

[1] "The concept of divisibility is an outgrowth of the categorical approach that governs the crime of violence determinations under the United States Sentencing Guidelines." *United States v. Edwards*, -- F.3d --, 2016 WL 4698952 (7th Cir. 2016) (citing *Mathis*, 136 S. Ct. at 2248-49). "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis*, 136 S. Ct. at 2248.

The Eighth Circuit stated the decision in *Mathis*, regarding whether Iowa's burglary statute listed elements or means, was straightforward because the Iowa Supreme Court had determined the relevant statute listed alternative means. *Id*. But, the Supreme Court gave some guidance for cases where the answer is not so clear. The Supreme Court stated a statute may indicate the alternatives are elements if it states a specific statutory alternative must be charged or if alternatives carry different punishments. *Id*. If the statute does not do this, the court may look at the record of prior conviction to determine if the alternatives are elements. *Id*. If neither of these provides an answer, the modified categorical approach may not be used. *Id*.

The parties did not address, on appeal, whether the language of the Missouri burglary statute lists alternative means or elements, and the Government had no reason at sentencing to submit documents related to Defendant's prior convictions, because *Mathis* had not been decided. *Id*. Thus, the Eighth Circuit remanded Defendant's case back to this Court to determine "in the first instance, whether Missouri's burglary statute lists alternative elements or alternative means." *Id*.

A comparison of the Iowa and Missouri burglary statutes is helpful. The statute at issue in *Mathis* is the Iowa burglary statute, which states:

> Any person, having the intent to commit a felony, assault, or theft therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure, commits burglary.

Iowa Code § 713.1. The Iowa statute defines "occupied structure" as:

> . . . any building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodations of persons for the purpose of carrying on business or other activity therein, or for storage or safekeeping of anything of value. Such structure is an "occupied structure"

5

> whether or not a person is actually present. However, for purposes of chapter 713, a box, chest, safe, changer, or other object or device which is adapted or used for the deposit or storage of anything of value but which is too small or not designed to allow a person to physically enter or occupy it is not an "occupied structure."

Iowa Code § 702.12. There are many similarities in the two statutory schemes. The Missouri burglary statute provides:

> A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.

Mo. Rev. Stat § 569.170. The definition of inhabitable structure includes:

> . . . a ship, trailer, sleeping car, airplane, or other vehicle or structure: (a) where any person lives or carries on business or other calling; or (b) where people assemble for purposes of business, government, education, religion, entertainment, or public transportation; or (c) which is used for overnight accommodation of persons.

Mo. Rev. Stat. § 569.010.

To determine whether a statute lists alternative means or elements, the Supreme Court stated a district court should first look to state court decisions to see if a state court has definitively answered the question. *Mathis*, 136 S. Ct. at 2256. If there is no such opinion, the district court should then see if the issue can be resolved by the statute on its face. *Id*. If the alternatives in the statute carry different punishments, then they must be elements. *Id*. If neither of these provides an answer, the district court may look at the record of the prior conviction. *Id*. If it cannot be determined from looking at these three sources, then the statute is not divisible, and the modified categorical approach is not applicable.

Missouri does not have any definitive case law stating the burglary statute lists alternative means or elements. In *Mathis*, the Supreme Court refers to an Iowa Supreme Court opinion which, according to the Supreme Court, clearly states Iowa's burglary statute lists alternative

means. 136 S. Ct. at 2250. In the opinion referenced by the Supreme Court, *State v. Duncan*, the Iowa Supreme Court held "[i]f substantial evidence is presented to support each alternative method of committing a single crime . . . then unanimity of the jury as to the mode of commission of the crime is not required." 312 N.W.2d 519, 523 (Ia. 1981). In Missouri, there are three cases which suggest the statute lists alternative means, not alternative elements. First, in *State v. Pulis*, defendant was charged with attempted second-degree burglary of a greenhouse, attached to the side of a building. 922 S.W.2d 541, 542 (Mo. Ct. App. 1992). The appellate court recognized, in enacting the burglary statute and other burglary related statutes, the Missouri General Assembly "added the term 'inhabitable structure' (as statutorily defined) with the specific intent to broaden the objects of forcible entry which would trigger the applicability of such statutes." *Id*. at 544 (citing *State v. Gully*, 716 S.W.2d 892 (Mo. Ct. App. 1986). The appellate court held burglary in the second degree can be committed by unlawfully entering either a building or an inhabitable structure, so it was unnecessary for the court to determine if the green house was a building, because it met the definition of inhabitable structure. *Id*. at 544-45.

Mr. Pulis was charged with attempted second degree burglary, not a separate offense of attempting to unlawfully enter an inhabitable structure. He was found guilty of attempted second degree burglary. There is not a separate punishment or a separate offense for unlawfully entering an inhabitable structure versus a building. As noted, the appellate court held "Consequently, knowingly attempting to enter [the greenhouse] unlawfully for the purpose of committing a crime therein is burglary in the second degree. That being so, it is unnecessary to decide whether the greenhouse was a 'building'." *Id.* at 545. This case is persuasive authority "inhabitable structure" in Missouri is an alternative means of committing burglary.

In *State v. Washington*, defendant entered a detached garage and removed yard tools while the owners of the garage were at home. 92 S.W.3d 205, 207 (Mo. Ct. App. 2002). He was convicted of first degree burglary and stealing.[2] *Id*. Defendant challenged his conviction arguing the State did not establish he burglarized an inhabitable structure. *Id.* at 208. The court found although a person may commit burglary in either a building or inhabitable structure, the charge submitted to the jury did not refer to the burglary of a building, it only referred to an inhabitable structure. *Id*. The court held the garage was not part of the home's inhabitable structure because there was no connection between the inside of the garage and the inside of the living quarters. *Id*. at 209. Thus, the court held defendant's first degree burglary conviction could not stand. *Id*. at 210.

However, the Court determined the evidence could have supported a conviction for second degree burglary. *Id*. Although the garage did not qualify as an inhabitable structure, there was sufficient evidence for the jury to find it was a building. *Id*. "The jury's finding that Mr. Washington burglarized an inhabitable structure in this case necessarily supposes that he burglarized a building. That is because the term 'building' encompasses the term 'inhabitable structure' in this case." *Id*. Therefore, even though defendant was charged with burglarizing an inhabitable structure, his conviction for burglarizing a building was appropriate.

These cases demonstrate entering an inhabitable structure or entering a building are alternative means of committing a burglary, not separate elements of the crime of burglary. The case law suggests the statute includes alternative means, not elements. This case law and the statute on its face do not resolve the question of whether Missouri's second degree burglary statute is divisible, and neither do Defendant's prior records of convictions. Because these three

---

[2] First degree burglary requires a person be present at the time of the burglary. Mo. Rev. Stat.

sources do not provide a clear answer as to whether the statute lists alternative means or elements, the modified categorical approach cannot be applied. Defendant's prior convictions for second degree burglary will not qualify as predicate offenses under the ACCA.

Two other district courts have also recently determined Missouri's second degree burglary statute is indivisible. In *Henderson v. United States*, the Western District of Missouri held because "the prosecution need not allege or prove the type of structure involved in an individual's offense," the "means included in the Missouri statute are substantially similar to the means in the Iowa statute, which the Supreme Court found to be overbroad and did not qualify as an enumerated offense under the ACCA." No. 16-00572-CV-W-ODS, 2016 WL 4967898, at *5 (W.D. Mo. Sept. 16, 2016); *see also Small v. United States*, No. 16-00440-CV-W-ODS, 2016 WL 4582068 (W.D. Mo. Sept. 2, 2016). The Western District of Arkansas stated it "has little difficulty in concluding that the locations listed in the definition of 'inhabitable structure' are alternative means, not elements" when it analyzed whether Missouri's second degree burglary statute was divisible. No. 5:11-CR-50095, 2016 WL 4939115 at *3 (W.D. Ark. Sept. 14, 2016). The Court further stated Missouri's statute "lists the locations where a burglary may occur in a manner materially equivalent to the Iowa statute in *Mathis*." *Id*. Thus, the Court held the defendant's prior second degree burglary convictions are not predicate violent felonies for the purposes of the ACCA. *Id*. at *4.

A review of recent case law regarding the divisibility of other states' burglary statutes also supports this Court's decision. States with statutes similar to Missouri's have uniformly been declared to be indivisible and convictions under those statues have been found not to qualify as predicate offenses. *See Wojcieszak v. United States*, No. 14-14240-CIV-GRAHAM/LYNCH, 2016 WL 3637274 (S.D. Fl. Jul. 1, 2016) (Florida); *United States v.*

*Edwards*, -- F.3d --, 2016 WL 4698952 (7th Cir. 2016) (Wisconsin); *United States v. Ladwig*, No. 2:03-CR-00232-RHW, 2016 WL 3619640 (E.D. Wash. Jun. 28, 2016) (Washington); *Sanchez v. United States*, Nos. 2:06-CR-67-JRG, 2:16-CV-200-JRG, 2016 WL 4921029 (E.D. Tenn. Sept. 14, 2016) (New Jersey); *United States v. Ritchey*, -- F.3d --, 2016 WL 6247122 (6th Cir. 2016) (Michigan). For the reasons stated in above, this Court finds Defendant's prior convictions for second degree burglary do not qualify as predicate offenses and Defendant will be resentenced without the Armed Career Criminal enhancement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Tony Lee Bess will be resentenced on November 9, 2016, at 3:00 p.m. in Courtroom 17 South.

So Ordered this 2nd day of November, 2016.

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**